EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

EXHIBIT 1

COPY

| | | CM-010 |
|---|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>Todd M. Friedman, Esq. SBN 216752<br>Law Offices of Todd M. Friedman<br>324 S. Beverly Dr., #725<br>Beverly Hills, CA 90212<br>TELEPHONE NO: 877-206-4741  FAX NO. 866-633-0228<br>ATTORNEY FOR (Name): Plaintiff, Sam Sohn | | **FOR COURT USE ONLY**<br>ENDORSED<br>2015 FEB 20 A 11: 50<br>David H. Yamasaki, Clerk of the Superior Court<br>County of Santa Clara, California<br>T. NGO |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF** Santa Clara<br>STREET ADDRESS: 191 N. 1st St.<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: San Jose 95113<br>BRANCH NAME: Downtown Superior Court | | |
| **CASE NAME:**<br>Sam Sohn v. AFNI, Inc. | | |

BY FAX

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| ☐ Unlimited   ☑ Limited<br>(Amount       (Amount<br>demanded     demanded is<br>exceeds $25,000)  $25,000 or less) | ☐ Counter  ☐ Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | **115CV277050**<br>JUDGE:<br>DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation |
|---|---|---|
| ☐ Auto (22) | ☐ Breach of contract/warranty (06) | (Cal. Rules of Court, rules 3.400–3.403) |
| ☐ Uninsured motorist (46) | ☐ Rule 3.740 collections (09) | ☐ Antitrust/Trade regulation (03) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | ☐ Other collections (09) | ☐ Construction defect (10) |
| ☐ Asbestos (04) | ☐ Insurance coverage (18) | ☐ Mass tort (40) |
| ☐ Product liability (24) | ☐ Other contract (37) | ☐ Securities litigation (28) |
| ☐ Medical malpractice (45) | **Real Property** | ☐ Environmental/Toxic tort (30) |
| ☐ Other PI/PD/WD (23) | ☐ Eminent domain/Inverse condemnation (14) | ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| **Non-PI/PD/WD (Other) Tort** | ☐ Wrongful eviction (33) | **Enforcement of Judgment** |
| ☐ Business tort/unfair business practice (07) | ☐ Other real property (26) | ☐ Enforcement of judgment (20) |
| ☐ Civil rights (08) | **Unlawful Detainer** | **Miscellaneous Civil Complaint** |
| ☐ Defamation (13) | ☐ Commercial (31) | ☐ RICO (27) |
| ☐ Fraud (16) | ☐ Residential (32) | ☐ Other complaint (not specified above) (42) |
| ☐ Intellectual property (19) | ☐ Drugs (38) | **Miscellaneous Civil Petition** |
| ☐ Professional negligence (25) | **Judicial Review** | ☐ Partnership and corporate governance (21) |
| ☑ Other non-PI/PD/WD tort (35) | ☐ Asset forfeiture (05) | ☐ Other petition (not specified above) (43) |
| **Employment** | ☐ Petition re: arbitration award (11) | |
| ☐ Wrongful termination (36) | ☐ Writ of mandate (02) | |
| ☐ Other employment (15) | ☐ Other judicial review (39) | |

2. This case ☐ is ☑ is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties  d. ☐ Large number of witnesses
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve  e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   c. ☐ Substantial amount of documentary evidence  f. ☐ Substantial postjudgment judicial supervision

3. Remedies sought (check all that apply): a. ☑ monetary  b. ☐ nonmonetary; declaratory or injunctive relief  c. ☐ punitive
4. Number of causes of action (specify): 2; RFDCPA and FDCPA
5. This case ☐ is ☑ is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: February 15, 2015

Todd M. Friedman
(TYPE OR PRINT NAME)   ▶   (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007] | CIVIL CASE COVER SHEET | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courtinfo.ca.gov |

American LegalNet, Inc.
www.FormsWorkflow.com

COPY

ENDORSED
2015 FEB 20 A 11: 50

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
T. NGO

BY FAX

Todd M. Friedman (216752)
Suren N. Weerasuriya (278521)
Adrian R. Bacon (280332)
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr., #725
Beverly Hills, CA 90212
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@attorneysforconsumers.com
sweerasuriya@attorneysforconsumers.com
abacon@attorneysforconsumers.com
Attorneys for Plaintiff

# SUPERIOR COURT OF THE STATE OF CALIFORNIA
## FOR THE COUNTY OF SANTA CLARA
### LIMITED JURISDICTION

SAM SOHN,

Plaintiff,

vs.

AFNI, INC.,

Defendant.

Case No. **115CV277050**

(Amount not to exceed $10,000)

1. Violation of Rosenthal Federal Fair Debt Collection Practices Act
2. Violation of Fair Debt Collection Practices Act

## I. INTRODUCTION

1. This is an action for damages brought by an individual consumer for Defendant's violations of the Rosenthal Fair Debt Collection Practices Act, Cal Civ Code §1788, *et seq.* (hereinafter "RFDCPA") and the Fair Debt Collection Practices Act, 15 U.S.C. §1692, *et seq.* (hereinafter "FDCPA"), both of which prohibit debt collectors from engaging in abusive, deceptive, and unfair practices.

Complaint - 1

## II. PARTIES

2. Plaintiff, Sam Sohn ("PLAINTIFF"), is a natural person residing in Santa Clara County in the state of California, and is a "consumer" as defined by the FDCPA, 15 U.S.C. §1692a(3) and is a "debtor" as defined by Cal Civ Code §1788.2(h).

3. At all relevant times herein, DEFENDANT, AFNI, Inc. ("DEFENDANT"), was a company engaged, by use of the mails and telephone, in the business of collecting a debt from PLAINTIFF which qualifies as a "debt," as defined by 15 U.S.C. §1692a(5), and a "consumer debt," as defined by Cal Civ Code §1788.2(f). DEFENDANT regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6), and RFDCPA, Cal Civ Code §1788.2(c).

## III. FACTUAL ALLEGATIONS

4. At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, DEFENDANT contacted PLAINTIFF in an attempt to collect an alleged outstanding debt of $108.63.

5. On or around September of 2012, AT&T, a leading provider of cable and internet services, began contacting Plaintiff concerning an alleged debt owed stemming from Plaintiff failing to return equipment loaned to Plaintiff by AT&T. AT&T referred to Plaintiff's account #120209370-8.

6. Plaintiff returned said equipment to AT&T on or around December 15, 2012. AT&T furnished a receipt for the return of said equipment.

7. Despite the return of said equipment to AT&T, AT&T attempted to collect for said equipment as if said equipment had not been returned.

Complaint - 2

8. AT&T then sent said alleged debt owed to collections (and was subsequently purchased by Defendant), despite the alleged debt owed being disputed, and despite Plaintiff's informing AT&T of her return of said equipment.

9. In a letter dated March 10, 2014, Defendant validated the alleged debt owed by Plaintiff.

10. Defendant is attempting to collect an alleged debt which Plaintiff is informed and believes thereon she does not owe to AT&T, and therefore does not owe to Defendant.

11. DEFENDANT'S conduct violated the RFDCPA and FDCPA in multiple ways, including but not limited to:

   a) Falsely representing the character, amount or legal status of Plaintiff's debt (§ 1692e(2)(A));

   b) Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (§ 1692e(10);

   c) Using unfair or unconscionable means against Plaintiff in connection with an attempt to collect a debt (§ 1692f);

   d) Collecting an amount from Plaintiff that is not expressly authorized by the agreement creating the debt (§ 1692f(1)); and

   e) Collecting an amount from Plaintiff that is not permitted by law (§ 1692f(1)).

12. As a result of the above violations of the FDCPA and RFDCPA, Plaintiff suffered and continues to suffer injury to PLAINTIFF'S feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and DEFENDANT is liable to PLAINTIFF for PLAINTIFF'S actual damages, statutory damages, and costs and attorney's fees.

## COUNT I: VIOLATION OF ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

13. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

14. To the extent that DEFENDANT'S actions, counted above, violated the RFDCPA, those actions were done knowingly and willfully

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

   A. Actual damages;
   B. Statutory damages for willful and negligent violations;
   C. Costs and reasonable attorney's fees,
   D. For such other and further relief as may be just and proper.

## COUNT II: VIOLATION OF FAIR DEBT COLLECTION PRACTICES ACT

15. PLAINTIFF reincorporates by reference all of the preceding paragraphs.

### PRAYER FOR RELIEF

WHEREFORE, PLAINTIFF respectfully prays that judgment be entered against DEFENDANT for the following:

   A. Actual damages;
   B. Statutory damages;
   C. Costs and reasonable attorney's fees; and,
   D. For such other and further relief as may be just and proper.

### PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY

Respectfully submitted this 20th day of February, 2015.

By: _____
Todd M. Friedman, Esq.
Law Offices of Todd M. Friedman, P.C.
Attorney for Plaintiff

Complaint - 4

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

EXHIBIT 2

3/2/2015

COPY @ 2:15PM

SUM-100

## SUMMONS
### (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

AFNI, INC.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SAM SOHN

BY FAX



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

ENDORSED

2015 FEB 20 A 11: 50

David H. Yamasaki, Clerk of the Superior Court
County of Santa Clara, California
T. NGO
Deputy Clerk

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es): Superior Court of Santa Clara County

191 N. 1st St.
San Jose, Ca 95113

**CASE NUMBER:**
(Número del Caso):
**115CV277050**

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
Todd M. Friedman, 324 S. Beverly Dr., #725, Beverly Hills, CA 90212, 877-206-4741

T. NGO

DATE: FEB 2 0 2015    DAVID H. YAMASAKI    Clerk, by _____, Deputy
(Fecha)                Chief Executive Officer/Clerk  (Secretario)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

3. ☒ on behalf of *(specify):* AFNI, INC.
    under: ☐ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
           ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
           ☒ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
           ☐ other *(specify):*
4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

EXHIBIT 3

ATTACHMENT CV-5012

**CIVIL LAWSUIT NOTICE**
Superior Court of California, County of Santa Clara
191 N. First St., San Jose, CA 95113

CASE NUMBER: **115CV277050**

| PLEASE READ THIS ENTIRE FORM |

*PLAINTIFF* (the person suing): Within 60 days after filing the lawsuit, you must serve each Defendant with the *Complaint*, *Summons*, an *Alternative Dispute Resolution (ADR) Information Sheet*, and a copy of this *Civil Lawsuit Notice*, and you must file written proof of such service.

---

*DEFENDANT* (The person sued): You must do each of the following to protect your rights:

1. You must file a written response to the *Complaint*, using the proper legal form or format, in the Clerk's Office of the Court, within 30 days of the date you were served with the *Summons* and *Complaint*;
2. You must serve by mail a copy of your written response on the Plaintiff's attorney or on the Plaintiff if Plaintiff has no attorney (to "serve by mail" means to have an adult other than yourself mail a copy); and
3. You must attend the first Case Management Conference.

Warning: If you, as the Defendant, do not follow these instructions, you may automatically lose this case.

---

*RULES AND FORMS:* You must follow the California Rules of Court and the Superior Court of California, County of Santa Clara Local Civil Rules and use proper forms. You can obtain legal information, view the rules and receive forms, free of charge, from the Self-Help Center at 99 Notre Dame Avenue, San Jose (408-882-2900 x-2926), www.scselfservice.org (Select "Civil") or from:

- State Rules and Judicial Council Forms: www.courtinfo.ca.gov/forms and www.courtinfo.ca.gov/rules
- Local Rules and Forms: http://www.sccsuperiorcourt.org/civil/rule1toc.htm

*CASE MANAGEMENT CONFERENCE (CMC):* You must meet with the other parties and discuss the case, in person or by telephone, at least 30 calendar days before the CMC. You must also fill out, file and serve a *Case Management Statement* (Judicial Council form CM-110) at least 15 calendar days before the CMC.

You or your attorney must appear at the CMC. You may ask to appear by telephone – see *Local Civil Rule 8*.

Your Case Management Judge is: **Joseph Huber**          Department: **21**

The 1st CMC is scheduled for: (Completed by Clerk of Court)
       Date: **JUN 1 6 2015**    Time: **4:00pm**    in Department: **21**

The next CMC is scheduled for: (Completed by party if the 1st CMC was continued or has passed)
       Date: _____    Time: _____    in Department: _____

*ALTERNATIVE DISPUTE RESOLUTION (ADR):* If all parties have appeared and filed a completed *ADR Stipulation Form* (local form CV-5008) at least 15 days before the CMC, the Court will cancel the CMC and mail notice of an ADR Status Conference. Visit the Court's website at www.sccsuperiorcourt.org/civil/ADR/ or call the ADR Administrator (408-882-2100 x-2530) for a list of ADR providers and their qualifications, services, and fees.

*WARNING:* Sanctions may be imposed if you do not follow the California Rules of Court or the Local Rules of Court.

---

Form CV-5012 REV 7/01/08              CIVIL LAWSUIT NOTICE              Page 1 of 1

# SANTA CLARA COUNTY SUPERIOR COURT
## ALTERNATIVE DISPUTE RESOLUTION
## INFORMATION SHEET

Many cases can be resolved to the satisfaction of all parties without the necessity of traditional litigation, which can be expensive, time consuming, and stressful. The Court finds that it is in the best interests of the parties that they participate in alternatives to traditional litigation, including arbitration, mediation, neutral evaluation, special masters and referees, and settlement conferences. Therefore, all matters shall be referred to an appropriate form of Alternative Dispute Resolution (ADR) before they are set for trial, unless there is good cause to dispense with the ADR requirement.

### What is ADR?
ADR is the general term for a wide variety of dispute resolution processes that are alternatives to litigation. Types of ADR processes include mediation, arbitration, neutral evaluation, special masters and referees, and settlement conferences, among others forms.

### What are the advantages of choosing ADR instead of litigation?
ADR can have a number of advantages over litigation:

- ADR can save time. A dispute can be resolved in a matter of months, or even weeks, while litigation can take years.
- ADR can save money. Attorney's fees, court costs, and expert fees can be reduced or avoided altogether.
- ADR provides more participation. Parties have more opportunities with ADR to express their interests and concerns, instead of focusing exclusively on legal rights.
- ADR provides more control and flexibility. Parties can choose the ADR process that is most likely to bring a satisfactory resolution to their dispute.
- ADR can reduce stress. ADR encourages cooperation and communication, while discouraging the adversarial atmosphere of litigation. Surveys of parties who have participated in an ADR process have found much greater satisfaction than with parties who have gone through litigation.

### What are the main forms of ADR offered by the Court?
Mediation is an informal, confidential, flexible and non-binding process in the mediator helps the parties to understand the interests of everyone involved, and their practical and legal choices. The mediator helps the parties to communicate better, explore legal and practical settlement options, and reach an acceptable solution of the problem. The mediator does not decide the solution to the dispute; the parties do.

Mediation may be appropriate when:
- The parties want a non-adversary procedure
- The parties have a continuing business or personal relationship
- Communication problems are interfering with a resolution
- There is an emotional element involved
- The parties are interested in an injunction, consent decree, or other form of equitable relief

Neutral evaluation, sometimes called "Early Neutral Evaluation" or "ENE", is an informal process in which the evaluator, an experienced neutral lawyer, hears a compact presentation of both sides of the case, gives a non-binding assessment of the strengths and weaknesses on each side, and predicts the likely outcome. The evaluator can help parties to identify issues, prepare stipulations, and draft discovery plans. The parties may use the neutral's evaluation to discuss settlement.

Neutral evaluation may be appropriate when:
- The parties are far apart in their view of the law or value of the case
- The case involves a technical issue in which the evaluator has expertise
- Case planning assistance would be helpful and would save legal fees and costs
- The parties are interested in an injunction, consent decree, or other form of equitable relief

-over-

Arbitration is a less formal process than a trial, with no jury. The arbitrator hears the evidence and arguments of the parties and then makes a written decision. The parties can agree to binding or non-binding arbitration. In binding arbitration, the arbitrator's decision is final and completely resolves the case, without the opportunity for appeal. In non-binding arbitration, the arbitrator's decision could resolve the case, without the opportunity for appeal, unless a party timely rejects the arbitrator's decision within 30 days and requests a trial. Private arbitrators are allowed to charge for their time.

Arbitration may be appropriate when:
- The action is for personal injury, property damage, or breach of contract
- Only monetary damages are sought
- Witness testimony, under oath, needs to be evaluated
- An advisory opinion is sought from an experienced litigator (if a non-binding arbitration)

Civil Judge ADR allows parties to have a mediation or settlement conference with an experienced judge of the Superior Court. Mediation is an informal, confidential, flexible and non-binding process in which the judge helps the parties to understand the interests of everyone involved, and their practical and legal choices. A settlement conference is an informal process in which the judge meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations. The request for mediation or settlement conference may be made promptly by stipulation (agreement) upon the filing of the Civil complaint and the answer. There is no charge for this service.

Civil Judge ADR may be appropriate when:
- The parties have complex facts to review
- The case involves multiple parties and problems
- The courthouse surroundings would be helpful to the settlement process

Special masters and referees are neutral parties who may be appointed by the court to obtain information or to make specific fact findings that may lead to a resolution of a dispute.
Special masters and referees can be particularly effective in complex cases with a number of parties, like construction disputes.

Settlement conferences are informal processes in which the neutral (a judge or an experienced attorney) meets with the parties or their attorneys, hears the facts of the dispute, helps identify issues to be resolved, and normally suggests a resolution that the parties may accept or use as a basis for further negotiations.
Settlement conferences can be effective when the authority or expertise of the judge or experienced attorney may help the parties reach a resolution.

## What kind of disputes can be resolved by ADR?

Although some disputes must go to court, almost any dispute can be resolved through ADR. This includes disputes involving business matters; civil rights; collections; corporations; construction; consumer protection; contracts; copyrights; defamation; disabilities; discrimination; employment; environmental problems; fraud; harassment; health care; housing; insurance; intellectual property; labor; landlord/tenant; media; medical malpractice and other professional negligence; neighborhood problems; partnerships; patents; personal injury; probate; product liability; property damage; real estate; securities; sports; trade secret; and wrongful death, among other matters.

## Where can you get assistance with selecting an appropriate form of ADR and a neutral for your case, information about ADR procedures, or answers to other questions about ADR?

Contact:
Santa Clara County Superior Court
ADR Administrator
408-882-2530

Santa Clara County DRPA Coordinator
408-792-2784